David BURROWS, et al., Plaintiffs,

v.

REDBUD COMMUNITY HOSPITAL DISTRICT, et al., Defendants.

No. C–96–4345 SI.

United States District Court,
N.D. California.

Oct. 22, 1997.

Richard J. Massa, Massa & Associates, Lakeport, CA, for Plaintiffs.

Sonja M. Dahl, Thomas J. Donnelly, Anderson Galloway & Lucchese, Walnut Creek, CA, Robert T. Lynch, Daniel F. McLennon, Lynch, Gilardi & Grummer, San Francisco, CA, John S. Gilmore, Goldsberry Freeman & Swanson, Sacremento, CA, W. David Walker, Craddick Candland & Conti, Danville, CA, for Defendants.

## ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT; GRANTING PLAINTIFFS' MOTION TO AMEND COMPLAINT; DENYING WITHOUT PREJUDICE DEFENDANT SCHUG'S MOTION FOR PARTIAL SUMMARY JUDGMENT

ILLSTON, District Judge.

On August 15, 1997, the Court heard argument on plaintiffs' motion for partial summary judgment and plaintiffs' motion to amend. Pursuant to Local Rule 7–1(b), the Court has concluded that defendant Schug's motion for partial summary judgment is appropriate for submission without oral argument. Having considered the arguments of counsel and the papers submitted, the Court hereby GRANTS plaintiffs' motion for partial summary judgment, GRANTS plaintiffs' motion to amend and DENIES WITHOUT PREJUDICE defendant Schug's motion for partial summary judgment.

### BACKGROUND

This action arises out of the death of Cody Burrows, an eleven-month old infant, on February 26, 1996. Plaintiffs David Burrows and Rhoda Thomas, the parents of Cody

Burrows, allege the following facts and incidents in their complaint. On February 23, 1996, plaintiffs took Cody to the emergency department of Redbud Community Hospital in Clearlake, California, for care and treatment of their son. Cody was examined at the hospital and subsequently released.

On February 25, 1996, in the early morning hours, plaintiffs brought Cody back to Redbud Community Hospital because he was still ill. Plaintiffs allege that doctors failed to perform an appropriate or competent screening exam, failed to render competent medical care, and discharged Cody, notwithstanding his unstable condition.

On February 25, 1996, at about 11 a.m., plaintiffs returned with Cody to Redbud Community Hospital for further care and treatment. Plaintiffs allege that after eight-and-a-half hours in the emergency room, Cody was discharged by the hospital and transferred to another hospital in Santa Rosa, California, located over two hours away. Plaintiffs allege that they were handed a road map and instructed to drive to Santa Rosa. Once plaintiffs arrived with their son at the hospital in Santa Rosa, plaintiffs discovered that their son was no longer breathing. Cody died a few hours later at the University of California Medical Center in San Francisco.

On December 2, 1996, plaintiffs filed a complaint in federal court against Redbud Community Hospital District ("Redbud"), the owner and operator of Redbud Community Hospital; Drs. Wolfgang Schug and M. Fred Brewer; Emergency Medical Management Services, Inc.; and unnamed physicians, nurses, and health care professionals who, plaintiffs allege, negligently treated Cody prior to his death. The original complaint alleged negligence, spoliation of evidence, and violations of the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd, and Cal. Health & Safety Code § 1317.

On January 24, 1997, plaintiffs filed an amended complaint, naming as an additional defendant Adventist Health, Inc. ("Adventist Health") and substituting J.J. & R. Emergency Management Group, Inc. ("J.J. & R.") in lieu of Emergency Medical Management

Services, Inc. The first amended complaint alleged the following causes of action: Count One (EMTALA), Count Two (EMTALA—emotional distress), Count Three (wrongful death), Count Four (wrongful death—emotional distress), Count Five (personal injuries—claim brought on behalf of Cody Burrows), Count Six (spoliation of evidence), Count Seven (Cal. Health & Safety Code § 1317), Count Eight (Cal. Health & Safety Code § 1317—emotional distress), and Count Nine (injunctive relief). Defendants filed separate answers to the first amended complaint in March 1997.

On June 4, 1997, plaintiffs filed a motion for partial summary judgment. In this motion, plaintiffs allege that the restrictions on general damages, enacted as part of California's Medical Injury Compensation Reform Act ("MICRA"), do not apply to an award of damages under EMTALA. In addition, plaintiffs have filed a motion to amend the first amended complaint so as (1) to augment the factual allegations in their complaint, particularly as regards their spoliation of evidence claim, (2) to add a claim for conspiracy to spoliate evidence and obstruct justice, and (3) to claim exemplary damages with respect to Counts Two (EMTALA—emotional distress), Four (medical negligence—emotional distress), and Six (spoliation of evidence) of the complaint.

Defendant Adventist Health has filed an opposition to plaintiffs' motion for partial summary judgment and an opposition to plaintiffs' motion to amend. Defendant Redbud has also filed an opposition to plaintiffs' motion for partial summary judgment. Defendant Schug has filed a motion for partial summary judgment on plaintiffs' spoliation of evidence claim, in lieu of filing an opposition to plaintiffs' motion to amend.

## LEGAL STANDARD

### I. *Summary Judgment*

The Federal Rules of Civil Procedure provide for summary adjudication when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that

the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. However, on an issue for which the nonmoving party will have the burden of proof at trial, the movant can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case. *Id.* If the moving party meets its initial burden, the nonmoving party must then set forth, by affidavit or as otherwise provided in Rule 56, *"specific facts* showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Fed.R.Civ.P. 56(e).

## II. *Amendment of Pleadings*

 Federal Rule of Civil Procedure 15 provides that once a responsive pleading has been filed, a party may amend the pleadings only by leave of court or by written consent of the adverse party; leave shall be freely given when justice so requires. Fed.R.Civ.P. 15(a). This rule reflects an underlying policy that disputes should be determined on their · merits, and not on the technicalities of pleading rules. *See Foman v. Davis*, 371 U.S. 178, 181–82, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Leave to amend may be denied where the defendant demonstrates undue delay, bad faith or dilatory motive, prejudice to the defendant, the futility of amendment, or repeated failure to cure deficiencies by previous amendments. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir.1989). Ultimately, the decision to grant or deny leave to amend rests within the sound discretion of the trial court and will be reversed only for an abuse of discretion.

*Swanson v. United States Forest Serv.*, 87 F.3d 339, 343 (9th Cir.1996).

## DISCUSSION

### I. *Plaintiffs' Motion for Partial Summary Judgment*

 Plaintiffs seek partial summary adjudication on the issue that the damages cap in California's Medical Injury Compensation Reform Act ("MICRA") does not apply to claims brought under EMTALA. Plaintiffs argue that the MICRA provisions apply only to tort actions against a health care provider "based on professional negligence." *See* Cal. Civ.Code § 3333.2(a); Cal.Civ.Proc.Code § 667.7(e)(4). Plaintiffs contend that because EMTALA is a strict liability statute, the MICRA damages cap does not apply to causes of action brought under EMTALA.

In response, defendants argue that EMTALA incorporates all state law governing damages, including MICRA. According to defendants, California courts have interpreted MICRA to apply to a broad array of torts against health care providers. Citing the California Supreme Court's decision in *Central Pathology Service Medical Clinic, Inc. v. Superior Court*, 3 Cal.4th 181, 10 Cal.Rptr.2d 208, 832 P.2d 924 (1992), defendants argue that MICRA applies to a plaintiff's claim for damages whenever the alleged injury is *directly related* to the professional services provided by the health care provider. Defendants allege plaintiffs' EMTALA claim seeks damages for an injury directly related to services provided by Redbud and is therefore subject to MICRA.

This Court is persuaded by a recent opinion issued by another judge in this district addressing this question. *See Jackson v. East Bay Hospital*, 980 F.Supp. 1341 (N.D.Cal.1997). After an extensive review of the nature and extent of EMTALA incorporation of state damages law, the *Jackson* court held that the MICRA damages cap did not apply to a claim brought under EMTALA. Although the court found that EMTALA did not preclude the application of MICRA restrictions per se, the MICRA restrictions did not apply because MICRA applies only to claims "based on professional

negligence," while EMTALA is a strict liability statute. "It is well-established that EMTALA does not create a federal remedy for medical negligence, nor does it duplicate state-law medical malpractice claims; rather, EMTALA creates a separate cause of action which makes hospitals strictly liable for refusing 'essential emergency care because of a patient's inability to pay.'" *Jackson,* at 1348 (quoting *Eberhardt v. City of Los Angeles,* 62 F.3d 1253, 1258 (9th Cir. 1995)).

The *Jackson* court rejected the argument, identical to defendants' argument opposing this motion, that the California Supreme Court's decision in *Central Pathology* supports a finding that MICRA caps applied to EMTALA claims. In *Central Pathology,* the California Supreme Court held that for the purposes of a state procedural requirement, "an action for damages *arises out* of the professional negligence of a health care provider if the injury for which damages are sought is directly related to the professional services provided by the health care provider." 3 Cal.4th at 191, 10 Cal.Rptr.2d 208, 832 P.2d 924 (emphasis added). In dictum, the Court equated the meaning of the procedural requirement's phrase "arises out of" and the "based on" language in MICRA. The *Jackson* court stated it was "reluctant to condition a federal substantive cause of action on the *Central Pathology* Court's dictum in a case which explicitly involves a state procedural requirement." *Jackson,* at 1349. In contrast, the *Jackson* opinion noted that the California state cases which directly addressed the scope of MICRA have clearly held that the same set of facts can support both MICRA and non-MICRA claims, and that MICRA limitations should not apply to non-MICRA theories.

This Court agrees with the *Jackson* court that the MICRA damages cap does not apply to a claim brought under EMTALA, and therefore GRANTS plaintiffs' motion for partial summary adjudication on this issue.

## II. *Plaintiffs' Motion to Amend*

Through a separate motion, plaintiffs seek this Court's permission to amend their complaint as follows: (1) to add factual allega-

tions to their spoliation of evidence claim, based on information learned during discovery; (2) to allege conspiracy to spoliate evidence and obstruct justice; and (3) to claim exemplary damages as regards Counts Two (EMTALA—emotional distress), Four (medical negligence—emotional distress), and Six (spoliation of evidence).

### 1. *Factual Allegations and Conspiracy Claim*

Adventist Health opposes plaintiffs' motion, arguing that plaintiffs have unduly delayed in bringing this motion, that plaintiffs' motive in amending the complaint is improper, that Adventist Health would be prejudiced by amendment, and that the proposed amendments would be futile. In its opposition, Adventist Health argues: (1) that non-expert discovery must be completed by October 31, 1997, (2) that plaintiffs have been aware of the factual allegations they seek to add to the complaint since the outset of this litigation, (3) that plaintiffs seek to shift the burden of discovery onto defendants by amending their complaint and requiring the defendants to make additional Rule 26 disclosures, and (4) that plaintiffs seek to add to the complaint "the same facts in different language."

It should first be noted that the trial schedule in this case has been altered since Adventist Health filed its opposition. Due partly to the recent criminal proceedings concerning defendant Schug's treatment of Cody Burrows, the trial has been rescheduled for May 26, 1997, and discovery deadlines will be altered accordingly. Thus, some of defendant's timeliness objections have been mooted.

In addition, plaintiffs note that in May of this year, they conducted the deposition of defendant Schug, which uncovered evidence supporting their spoliation of evidence claim. Plaintiffs assert that they acted timely to amend the complaint so as to place defendants on notice of the new factual allegations and avoid any objection at trial to plaintiffs' proof regarding these allegations.

■ The Court finds that plaintiffs have met the requirements of Rule 15 as regards

these proposed amendments. Plaintiffs' requests to augment the factual allegations in the complaint and to add a conspiracy to spoliate evidence and obstruct justice claim is GRANTED.

### 2. Exemplary Damages for State Law Claims

■ Plaintiffs also seek to amend their complaint to plead exemplary damages for two state law claims: spoliation of evidence and medical negligence-emotional distress. Defendants argue that plaintiffs must meet the requirements of California Civil Procedure Code § 425.13 in order to plead exemplary damages. Section 425.13 provides that in an action for damages "arising out of the professional negligence of a health care provider", the plaintiff must demonstrate to the Court that there is a substantial probability that the plaintiff will prevail on the claim before the Court permits the plaintiff to plead exemplary damages. In addition, a plaintiff's motion to allow the filing of an amended pleading must be filed within two years after the complaint or initial pleading is filed or not less than nine months before the date the matter is first set for trial, whichever is earlier.

In response, plaintiffs argue that Section 425.13 is a procedural state rule which, under the *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) doctrine, does not apply to federal courts hearing state claims.

This issue was recently decided in *Jackson v. East Bay Hospital.* In that decision the court held that section 425.13's requirement was procedural rather than substantive, and therefore under *Erie*, has no effect in federal court. *See Jackson*, at 1352. The court concluded that section 425.13 was essentially a method of managing or directing a plaintiff's pleadings rather than a determination of substantive rights. Furthermore, the *Jackson* court noted that California courts themselves have held section 425.13 to be procedural in nature. The court rejected the argument that the procedural requirements of section 425.13 were not so "intimately bound up" with the state's substantive law

that it must be applied by a federal court. *Id.* at 1352.

This Court agrees with the *Jackson* court's determination of section 425.13 as a procedural requirement persuasive, and therefore will not apply that section to plaintiffs' request to amend the complaint to claim exemplary damages with respect to Counts Four (medical negligence-emotional distress) and Six (spoliation of evidence). The Court hereby GRANTS plaintiffs' motion to amend the complaint to claim exemplary damages for Counts Four and Six.

### 3. Exemplary Damages for EMTALA Claim

■ The parties advance similar arguments for and against the applicability of section 425.13 to the claim for exemplary damages under EMTALA. The Court concludes that section 425.13 does not apply to a claim for exemplary damages under EMTALA. EMTALA incorporates state damages law to the extent that an injured individual may "obtain those damages available for personal injury under the law of the state in which the hospital is located." 42 U.S.C. § 1395dd(d)(2)(A). As the *Jackson* court noted, "Congress chose to address the horrific 'patient dumping' engaged in by hospitals, but nevertheless articulated in the legislative history of EMTALA its intent not to curb the states' power to limit damages." *Jackson*, at 1348. Thus, EMTALA may incorporate state *substantive* law limiting the damages available to plaintiffs. State procedural law, however, does not determine what damages are *available*. As discussed above, section 425.13 is a procedural rule for managing and directing pleadings: it does not create substantive limits on the damages a plaintiff may seek. As such, EMTALA does not incorporate section 425.13. The Court hereby GRANTS plaintiffs' motion to amend the complaint to allege exemplary damages for Count Two—EMTALA.

### III. Defendant Schug's Motion for Partial Summary Judgment

In response to plaintiffs' motion to amend, defendant Schug has filed a motion for partial summary judgment on plaintiffs' spolia-

tion of evidence claim. Defendant Schug argues that plaintiffs have not alleged facts to establish a legally cognizable claim of spoliation of evidence. In response, plaintiffs have filed an *ex parte* motion to reschedule defendant's motion. Plaintiffs note that they were not served with defendant's motion until July 24, 1997, three weeks before the scheduled hearing on plaintiffs' motions. Furthermore, in responding to defendant's motion on its merits, plaintiffs assert that, due to the timing of defendant's motion, they must cite to untranscribed deposition testimony. *See, e.g.,* Pls.' Opp'n at 7 n. 5.

The Court need not address the merits of Defendant Schug's motion for partial summary judgment at this time. *See* Schwarzer et al., *Federal Civil Procedure Before Trial* 8:422, at 8–92.1 ("Ordinarily, courts do not consider the validity of a proposed amended pleading in deciding whether the grant leave to amend."). As such, the Court DENIES WITHOUT PREJUDICE defendant Schug's motion for partial summary judgment. Defendant Schug may refile his motion for partial summary judgment after the second amended complaint has been filed, tailoring his motion to reflect any changes made by plaintiffs in the second complaint.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS plaintiffs' motion for partial summary judgment, GRANTS plaintiffs' motion to amend, and DENIES WITHOUT PREJUDICE defendant Schug's motion for partial summary judgment. The Court orders plaintiffs to file their second amended complaint on or before *October 31, 1997.*

**IT IS SO ORDERED.**